# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAVONNE WARREN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| KMG ENTERPRISES, INC., d/b/a INTERNATIONAL HOUSE OF PANCAKES, | ) ) ) |
| Defendant. | |

## **COMPLAINT**

## I. **JURISDICTION**

1. This is a suit for relief from discrimination instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Shavonne Warren ("Plaintiff") timely filed a charge of discrimination against defendant KMG Enterprises, Inc. ("Defendant") with the Equal Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4. Defendant is a corporation headquartered in Overland Park, Kansas. It is and was at all times relevant to this complaint an employer as contemplated under the ADA.

## III. STATEMENT OF FACTS

5. Defendant owns and operates an International House of Pancakes ("IHOP") restaurant on Lakeshore Drive in Homewood, Alabama and did so during the relevant events of this case.

6. In 2012, Plaintiff was diagnosed with Lymphoma.

7. In April of 2016, Plaintiff was employed at another area IHOP, on Crestwood Boulevard in Birmingham, Alabama.

8. This IHOP was and is owned by a company unaffiliated with Defendant.

9. At the time, Plaintiff's Lymphoma was in remission, but she was still taking medication and periodically seeing her treating physician.

10. Jaron Stewart was the General Manager of the Crestwood IHOP.

11. Stewart was aware of Plaintiff's Lymphoma and her medical treatment.

12. On or about April 15, 2016, Stewart terminated Plaintiff.

13. Later that day, Plaintiff sent a text message to Stewart in which she stated that he had fired her because she had had cancer and that she was taking it to her lawyer and that he should get a lawyer.

14. On or about April 17, 2016, Plaintiff interviewed for a job with Defendant as a server at its Lakeshore restaurant.

15. Sheila McCovery, Assistant Manager there, interviewed Plaintiff.

16. In her interview, Plaintiff told McCovery that Stewart had fired her and that she thought that he had done so because she had had cancer.

17. Defendant hired Plaintiff and she started to work on or about April 20, 2016.

18. On or about April 24, 2016, McCovery told Plaintiff that she had to let Plaintiff go because the General Manager there, Terry Davidson, had told her that Plaintiff had a "lawsuit" against the Crestwood IHOP.

19. Plaintiff told McCovery that she had talked to a lawyer about it but that she had not filed anything.

20. McCovery said that it was out of her hands.

21. Plaintiff then called Davidson and asked him what was going on.

22. Davidson said that Stewart had called him and told him that Plaintiff had a "lawsuit" against Stewart's company.

3

23. Davidson further said that his boss wanted a "drama free" workplace and that they could not have Plaintiff working there.

24. Davidson added that Stewart had also said that Plaintiff had been fired for selling drugs.

25. This was false and Plaintiff told Davidson so.

26. Davidson told Plaintiff that she should go to the EEOC and get it straightened out.

27. Davidson then said that he would call Stewart and call Plaintiff back.

28. Davidson called Plaintiff back and said that Stewart told him that Plaintiff had had some open tickets, meaning customers left without paying, and that she was taking "medication on top of medication."

29. Plaintiff did not know anything about any open tickets and told Davidson this.

30. Plaintiff further told Davidson that the only medication she took was for her blood pressure and cancer.

31. Davidson said that there was nothing he could do.

## IV. <u>CAUSES OF ACTION</u>

### COUNT I

### ADA

32. Paragraphs 1-31 are incorporated herein.

33. Plaintiff's cancer constituted a physical impairment under the ADA.

34. Due to this impairment, Plaintiff was substantially limited with respect to the major life activities of the operation of her immune system.

35. At the time of the events of this case, Plaintiff was disabled under the ADA and/or had a history of a disability.

36. Plaintiff was and is a qualified individual able to perform the essential functions of her position, without accommodation.

37. Defendant violated Plaintiff's rights under the ADA by terminating her employment because she opposed unlawful discrimination by her previous employer.

38. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

                                                   Respectfully submitted,

                                                   s/ Adam M. Porter
                                                 Adam M. Porter
                                                 Attorney for Plaintiff
                                                 Adam M. Porter, LLC
                                                 Alabama Bar ID: ASB-2472-P75A
                                                 2301 Morris Avenue, Suite 102
                                                 Birmingham, Alabama 35203
                                                 Phone: (205) 322-8999
                                                 Facsimile: (205) 402-4619
                                                 Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

s/ Adam M. Porter<br>Attorney for Plaintiff

Defendant's Address:
KMG Enterprises, Inc.
c/o Wilbur Nolan, Registered Agent
221 State Farm Parkway
Homewood, AL 35209-7170